# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BRIAN M. CASEY,**
**DOC # 139647,**

    Plaintiff,

vs.                                                         Case No.  4:24cv102-AW-MAF

**FLORIDA DEPARTMENT**
**OF CORRECTIONS,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on February 26, 2024, by submitting a § 1983 civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Because Plaintiff acknowledges that he has "three strikes," *see* ECF No. 1 at 9, the factual allegations of Plaintiff's complaint have been reviewed to determine if Plaintiff has alleged sufficient facts to demonstrate a plausible claim for imminent danger pursuant to 28 U.S.C. § 1915(g).[1]  ECF No. 1.

---

[1] In relevant part, the statute forbids granting a prisoner in forma pauperis status "if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's complaint, ECF No. 1, alleges he is a prisoner at Wakulla Correctional Institution and he "suffers from peripheral vein disease (PVD) diagnosed by" an employee of the Defendant, the Florida Department of Corrections. *Id.* at 15. He contends "treatment was abruptly discontinued." *Id.* He also claims that a 2013 EKG "is evidence of heart problems" and that he has degenerative bone disease which was diagnosed by an x-ray in 2013. *Id.* at 16. He further claims he has a "severely painful and dangerous dental condition" and that teeth have been left exposed and jagged since 2014. *Id.* at 19.

Plaintiff also says that at some undisclosed point in time he "complained of post traumatic stress disorder" but has not received treatment. *Id.* at 19-20. He asserts that he has "untreated mental illnesses." *Id.* He claims to suffer from depression that is not being treated, although he acknowledges he "recieves [sic] a drug called Effexor." *Id.* at 21.

First, the factual basis of this case is based entirely on Plaintiff's past experiences. Allegations of past physical harm are insufficient to establish that Plaintiff faces "imminent danger of physical injury" for purposes of § 1915(g). Barber v. Krepp, 680 F. App'x 819, 821 (11th Cir. 2017) (citing

Chavis v. Chappius, 618 F.3d 162, 170-71 (2d Cir. 2010)). "Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (citation omitted). Here, there are no recent events alleged which demonstrate "imminent" harm or danger.

Second, Plaintiff's assertions of untreated medical conditions must be rejected. Plaintiff previously filed case number 4:22cv270-AW-MAF in this Court and alleged that he had untreated DVT. A hearing was held in that case on June 6, 2023, to resolve a motion to revoke in forma pauperis status filed by the Defendant Department of Corrections. ECF No. 123 of that case. Evidence presented at the hearing refuted Plaintiff's claims; Plaintiff was never diagnosed with DVT. See ECF No. 125. Ultimately, United States District Judge Allen Winsor concluded that Plaintiff Brian Casey had not plausibly alleged he was in imminent danger due to DVT at the time he filed the complaint. ECF No. 136 at 7. Plaintiff's in forma pauperis status was vacated and the case dismissed without prejudice on January 11, 2024. Id.

A month later, Plaintiff has re-filed the case with the instant complaint. However, this complaint fares no better. There are no allegations of recent events which demonstrate danger. Further, his allegations of medical issues lack credibility in light of the evidence presented in case number 4:22cv270. Plaintiff has not provided any specific facts to change that finding previously made, especially considering there are no factual allegations demonstrating events which have transpired since June of 2023.

Furthermore, his allegations of untreated mental health issues should be rejected as well. The evidence presented in case number 4:22cv270 showed that Plaintiff submitted a grievance on September 9, 2021, grieving that he was not mentally ill and asserting that he did not need mental health treatment. *See* ECF No. 94, Ex. D at 354-55, of case # 4:22cv270. Plaintiff lacks credibility to once again assert that he is denied mental health treatment and, moreover, the allegation is unsupported by specific facts or descriptions of recent events.

Plaintiff has not presented sufficient allegations of imminent harm. Thus, his in forma pauperis motion should be denied and this case dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** and Plaintiff's complaint, ECF No. 1, be **DISMISSED** because Plaintiff has failed to demonstrate imminent danger as required by 28 U.S.C. § 1915(g).  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv102-AW-MAF